LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――――

JOSE ANTONIO TORRES,
*on behalf of himself*
                    Plaintiff,

        v.

RNK JEWELRY, INC.
JIN KIM
                    Defendants.

―――――――――――――――――――――――――――

Case No:

**COMPLAINT**

Jury Trial Demanded

Plaintiff JOSE ANTONIO TORRES ("Plaintiff"), on behalf of himself, by and through his undersigned attorneys, hereby files this Complaint against Defendant, RNK JEWELRY, INC. ("Corporate Defendant"), JIN KIM ("Individual Defendant," and collectively with the Corporate Defendant, "Defendants") and states as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff is a resident of Queens County of New York.

6.      Corporate Defendant RNK JEWELRY, INC., is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at RNK JEWELRY, INC. 318 Fifth Avenue, Room 401, New York, NY 10016 and with its store's address located at 115 West 29th Street, #3B, New York, NY 10001.

7.      Individual Defendant JIN KIM is an owner of the Corporate Defendant. Defendant JIN KIM exercises operational control over Plaintiff.  Defendant JIN KIM exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of Plaintiff. At all times, employees could complain to Defendant JIN KIM directly regarding any of the terms of their employment, and Defendant JIN KIM had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

8.     At all relevant times, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

9.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

10.     In or around January 2015, Plaintiff JOSE ANTONIO TORRES was hired by Defendants to work as a jeweler for Defendants located at 115 West 29th Street, #3B, New York, NY 10001, where he worked for the remainder of his employment by Defendants. Plaintiff's employment with Defendants terminated on November 4, 2020.

11.     Throughout his employment with Defendants, Plaintiff worked five (5) days per week from 8:45 a.m. to 6:00 p.m. for nine (9) hours and fifteen (15) minutes per day for a total of forty-six (46) hours and fifteen (15) minutes each week.

12.     From January 2015 through May 31, 2018, Plaintiff JOSE ANTONIO TORRES was paid in cash at a fixed salary rate of $550 per week.

13.     From June 2018 through to November 4, 2020, Plaintiff was paid in cash at a fixed salary rate of $680 per week.

14.     Throughout Plaintiff's employment with Defendants, he was never compensated overtime premium for all his hours worked in excess forty (40) hours each week. At all time there was no agreement that the fixed salary covered overtime hours.

15.     Defendants never provided Plaintiff JOSE ANTONIO TORRES with wage notices, as required by the NYLL.

16.     Defendants did not provide Plaintiff JOSE ANTONIO TORRES with proper wage statements at all relevant times, in violation of the NYLL.

17.     At no time during the relevant time periods did Defendants provide Plaintiff with wage notices or proper wage statements as required by NYLL.

18.     On or around November 19, 2020, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT II

## VIOLATION OF THE FAIR LABOR STANDARD ACT

19.     Plaintiff realleges and reavers Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

21.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

22.     At all relevant times, Defendants had gross annual revenues in excess of $500,000.00.

23.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

24.     At all relevant times, Defendants willfully violated Plaintiff's rights by failing to pay him wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week.

25.     Records, if any exist, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

26.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

27.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

28.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

29.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

30.     Plaintiff realleges and reavers Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

32.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked.

33.     Defendants failed to properly notify Plaintiff of his hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

34.     Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to Plaintiff, in direct violation of the New York Labor Law.

35.     Defendants failed to provide proper wage statements with every payment issued to Plaintiff, as required by New York Labor Law § 195(3).

36.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JOSE ANTONIO TORRES, on behalf of himself, respectfully requests that this Court grant the following relief:

    a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c.   An award of unpaid wages, including overtime compensation, due under the FLSA and NYLL;

    d.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

e.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages, pursuant to the FLSA or NYLL;

f.    An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

g.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 11, 2021                        Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By:      */s/ C.K. Lee*

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff*